Sharon E. Pomeranz
Law Office of Sharon Pomeranz
143 Pine St.
Santa Fe, NM 87501
Telephone: (505) 207-0310
sharon@newmexicoada.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Alyssa Carton,                                              Case No. 1:17-cv-00037-KK-SCY

      Plaintiff,

v.

Carroll Ventures Inc.,

      Defendant,

---

## RESPONSE TO MOTION TO DISMISS

Plaintiff, Alyssa Carton, by and through undersigned counsel hereby responds to Defendant Carroll Ventures Inc.'s Amended Motion to Dismiss ("Motion"). Plaintiff respectfully requests that this Court deny Defendant's Motion.

### BACKGROUND

Alyssa Carton has lived with a disability her entire life. Her disability limits her ability to navigate through her hometown of Albuquerque. She has lived with her disability her entire life. Unfortunately, she has faced discrimination her entire life in various forms. Nearly 27 years ago, July 26, 1990, the Americans with Disabilities Act was signed into law. One of the major areas of discrimination Ms. Carton regularly faces is the denial of access at local businesses that open

their doors to the able bodied, but discriminate against individuals with disabilities. Title III of the ADA is designed to prevent discrimination by places open to the public. Nevertheless, Ms. Carton regularly encounters barriers to accessing the local businesses which welcome everyone but her and those like her. For nearly three decades, Ms. Carton has been told to not seek the legal remedies available to her. She has asked, requested, shouted, and pleaded, for change, but businesses like Defendant continue to discriminate.

Public accommodations, like Defendant, have, for decades, delayed accommodation and ignored the federal laws. Saving time and money is likely good for investment returns. Ms. Carton and those similarly situated have therefore suffered due to greed and blatant disregard of the law by Defendant. In this case, Plaintiff has properly sought the legal remedies available to her. Yet Defendant fails to admit any wrongdoing. Defendant purposefully disparaged Plaintiff, and Defendant invested in attorneys' fees to avoid the judicial relief requested by Plaintiff.

Like the rest of her community, Ms. Carton wishes she could enjoy full and equal enjoyment of the facilities, services, goods and amenities, but Defendant has continued to deny her equal access. In November 2016, Defendant again discriminated against Ms. Carton and failed to provide equal access.

## **Preliminary Matter**

It is unclear on what basis Defendant's moves to dismiss Plaintiffs Complaint. It appears from its Motion, Defendant is challenging whether Plaintiff sufficiently pleads a cause of action under the ADA, presumably under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, Defendant challenges Plaintiffs' standing to bring her claims, but fails to identify the rule of

procedure on which they form the subject matter of their Motion. Because Defendant is challenging Plaintiffs' standing, and the proper way to challenge standing is under Rule 12(b)(1), Plaintiff will respond under that basis. Even if properly argued, Defendant's motion should be denied for the reason set forth below.

**Legal Argument**

I.       **The Complaint Taken as True States a Claim**

On a Motion to Dismiss the Court is required to view the Complaint in the light most favorable to Plaintiff and take the facts plead as true. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *see also Sutton v. Utah State School for Deaf and Blind*,173 F. Supp. 1226, 1236 (10th Cir. 1999). A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief. *Id*. On a motion to dismiss a complaint for failure to state a claim, the Court's scope of review concerns the allegations contained with the four corners of the complaint and any attached documents. *See Ajaj v. Federal Bureau of Prisons*, 838 F. Supp. 2d. 1108, 1112 (D. Colo. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matters accepted as true, to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1995). A claim has facial plausibility when a plaintiff pleads factual content that allows the Court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Id*. To state a claim under the ADA, Plaintiff must allege (1) [s]he is an individual with a disability; (2) defendant owns, leases, or operates a place of public

accommodation; and (3) defendant discriminated against Plaintiff within the meaning of the ADA. See 42 U.S.C. 12182(a); PGA Tour, Inc. v. Martin, 532 U.S. 661, 677 (2001). The Complaint alleges that Plaintiff has a disability, that Defendant owns, leases, or operates the Place of Public Accommodation at issue in this case, and Defendant discriminated against Plaintiff. Plaintiff's Complaint sufficiently states a claim and Plaintiff does have the requisite standing that would otherwise vest the court with subject matter jurisdiction.

**II.**      **Defendant's Motion Should be Treated as a Motion for Summary Judgment**

While a Motion to Dismiss may challenge the facts upon which subject matter jurisdiction is based, this Court should take evidence on a 12(B)(1) motion **if the jurisdictional facts are separate from the merits of the case**. *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006) (holding "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue"). Defendant introduces meritorious facts including a Declaration of the building owner and experienced architect, Stan Mason, in an attempt to challenge Plaintiff's documented violations she personally encountered at Defendant's place of public accommodation. Each of these facts pertain directly to the merits of Plaintiffs claims, i.e., barriers erected at Defendant's public accommodation that discriminate against individuals with disabilities, like Ms. Carton.

The Court in *Arbaugh* goes on to say that Congress, through statute, should be the one to make facts "jurisdictional" such as the way Congress "has made an amount-in-controversy threshold an ingredient of subject matter jurisdiction in delineating diversity-of-citizenship

jurisdiction…" *Id.*at 514-515. None of the evidence or other unproven allegations by Defendant are identified by Congress as jurisdictional thresholds to be resolved by the Court before hearing a case.  Without specific congressional direction, the debate over the merits of this case should be treated as nonjurisdictional in character. *See Id.* at 515.

In the case at hand, Defendant has not argued that Plaintiff would not be able to maintain the action were her allegations true, only that Defendant has evidence it believes will convince the trier of fact to rule against Plaintiff. *See* Def.'s Mot. pg. 6-7, ¶ I. Specifically, Defendant introduces extrinsic evidence outside the four corners of the Complaint, in the form of a Declaration, to contest Plaintiff's documented violations at Defendant's public accommodation. *Id.*  The allegations and evidence introduced by Defendant in its Motion are so intertwined with the merits of Plaintiff's case that this "[C]ourt is required to convert a Fed. R. Civ. P. 12(b)(1) motion to dismiss into a Fed. R. Civ. P. 12(b)(6) motion or a Fed. R. Civ. P. 56 summary judgment motion." *Arbaugh*, 546 U.S. at 515; *see also Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits") (citing *Thornhill Publish Co. v. General Telephone Corp.*, 594 F.2d 730, 733-35 (9th Cir. 1979).

Defendant improperly attempts to persuade the Court to engage in a speaking motion analysis[1] and consider submission of a declaration and presumably testimony of expert witnesses

---

[1] A Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) permits a defendant to seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). A 12(b)(1) motion can take two forms of attack. The first form is a "facial" motion that seeks dismissal limited to the allegations of the complaint, i.e. the face of this

as well. Basically, Defendant's approach would quickly go beyond jurisdictional issues and overlap, if not swallow, a trial on the merits at the very outset of this matter. If this court proceeds on that course, then Plaintiffs are entitled to discovery. *Laub v United States Dept. Of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). In that circumstance, Plaintiffs hereby make the request to conduct discovery including, but not limited to, a formal site inspection by Plaintiffs' experts, a review of the financial records of defendant, and a request for the production of other documents.

Additionally, even Defendant's irrelevant arguments, such as building codes and inspection experience, are subject to discovery now that they are introduced as factual defenses. Federal Rule Civil Procedure 12(d) requires treatment of Defendant's Motion as one for Summary Judgment because "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Unless the motion is denied or treated as a Motion for Summary Judgment, Plaintiff will be denied the opportunity to introduce relevant evidence pertaining to the merits of the case and would be prevented from discovering meritorious evidence currently in Defendant's possession. This Court should treat Plaintiffs Motion as one for summary judgment and, once again, Plaintiff respectfully request the Court permit adequate discovery by the parties in order to establish claims and support a just defense against evidence attacking the merits of the case.

---

pleading, on the basis that the allegations as pled in the complaint do not give rise to subject matter jurisdiction. The second form is a "speaking" motion that utilizes extrinsic evidence to attack the allegations of the complaint.

**III.      Defendant is a Qualified Defendant Under the ADA.**

The ADA imposes liability on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.A. § 12182(a). A private entity qualifies as a place of public accommodation if it is doing business with the public and if it meets one of several categories. 42 U.S.C. § 12181(7). A service establishment, such as Office Depot, is specifically listed within one of those categories. See *Id*. at (7)(F). Here, Defendant admits that he is the building owner of the public accommodation that is the subject matter of Plaintiff's Complaint. *See* Def.'s Mot. pg. 1. Accordingly, Defendant has a duty to comply with the anti-discrimination provisions of Title III. Therefore, because Defendant owns the public accommodation subject to the underlying litigation, and does not dispute that the Office Depot is a place of public accommodation, Defendant's argument stating that remediating the barriers is outside its control, is unavailing.

**IV.      Plaintiff Individually and as a Tester Has Standing Under Title III of the ADA**

   **a.   Individual Standing.**

Defendant correctly states the jurisdictional constraints of Article III in that an ADA Title III litigant must satisfy the case and controversy requirement to invoke federal jurisdiction. *See* Def.'s Mot. pg. 8. However, Defendant fails to identify that federal courts take a liberal, laxed view of standing when dealing with ADA litigation. *See Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039 (9th Cir. 2008) (citing *Trafficante v. Metro. Life Ins. Co.,* 409 U.S. 205, 209 (1972) (emphasis added) ("The Supreme Court has instructed [the lower courts] to take a broad view of

constitutional standing in civil rights cases, especially where, as under the ADA, **private enforcement suits are the primary method of obtaining compliance with the Act.**"). A court must look at the four corners of a complaint to determine whether Plaintiff has alleged an (1) injury-in-fact; (2) a causal connection between the injury-in-fact and Defendant's actions; and (3) that the injury is redressable. *Vermont Agency of Natural Res. v. United States ex. rel. Stevens*, 529 U.S. 765, 771, 120 S.Ct. 1858 (2000).  Additionally, since Plaintiff is seeking injunctive relief, Plaintiff must also show that either he is **suffering from a continuing injury or** there is a real and immediate threat of future injury. *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (emphasis added).

Here, because Defendant is the owner of the building subject to this lawsuit, Defendant is liable under the ADA. In her Complaint, Plaintiff has alleged she suffered an injury when she was denied equal access and equal enjoyment of Defendant's public accommodation. Pl.'s Compl. pg. 2, ¶ 8, 12, pg. 6, ¶ 30-34. Plaintiff further alleges that this injury-in-fact was sustained due to Defendant's failure to comply with the ADA. *Id*. at pg. 3, ¶ 11-12, pg. 6, ¶ 30-34. Additionally, Plaintiff alleges that if Defendant modifies its Premises to comply with the ADA, Plaintiff will be given equal access to and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. *Id.* at pg. 9, ¶ 44-46, pg. 10, ¶ 47. Lastly, Plaintiff alleges that she will avail himself of and to the services offered at the Premises in the future provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

Plaintiff has a personal stake in resolving the issue of accessibility to a store in her community which is open to everyone but her and others who live with a disability. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) *citing Allen v. Wright*, 468 U.S. 737, 750-51, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984) ("The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate."). Judicial resolution of the relief requested would affect her personally. This Court may issue a declaration that Plaintiff has a federally protected right to the full and equal enjoyment. This Court may issue a declaration that at the commencement of this action Defendant was in violation of the ADA. This court may grant a permanent injunction requiring Defendant to remove all barriers to Plaintiff now and in the future. If Plaintiff, a local community member who visited the place of public accommodation may not maintain an action, then the ADA in its entirety becomes merely a suggestion rather than a law with actual consequences. The Complaint demonstrates that Plaintiff "suffers a real and imminent threat of encountering the alleged accessibility barrier directly traceable to the violations of the ADA which have occurred, are occurring, or will occur at Defendant's Place of Public Accommodation. *See Colo. Cross-Disability Coal.,* 765 F.3d at 1212. Tenth Circuit ADA cases like *Tandy* and *Colo. Cross-Disability Coal.* have adequately established standing and the Complaint meets the standards set forth in Art. III of the U.S. Constitution and in controlling cases.

   **b. Tester Standing**

   Defendant correctly alleges that Plaintiff, in her status as a tester and individually, has visited numerous locations and filed multiple lawsuits.  This Court is allowed to make reasonable

inferences based on the allegations of the Complaint. *Ashcroft*, 129 S.Ct. at 1949. The Complaint alleges that Plaintiff acts as a tester, testing the compliance of places of public accommodation, a fact that Defendant agrees with. Def.'s Mot. pg. 2.   At all times relevant, Plaintiff visits properties in New Mexico and is thus constantly traveling near various business, as Defendant correctly points out. Plaintiff's intention to return is clearly delineated in the Complaint.[2] Pl.'s Compl. pg. 3, ¶ 11. These plans are definite and not merely speculative or hypothetical, rather they are contingent on Defendant eliminating its discriminatory conduct and practices, including the elimination of illegal barriers to access. To force Plaintiff to state a date certain she intends to return before Defendant has rectified the clear violations of the ADA that preclude Plaintiff from equal access and enjoyment of the Premises would require ignoring the continuing injury caused by Defendant's discriminatory conduct. There is no merit to the argument that Plaintiff lacks standing as Plaintiff has shown both her suffering from a continuing injury and the immediate threat of future injury.

## V.     Defendant is Liable Under the ADA and Can Implead Parties it Believes are Necessary.

Defendant asks this Court to order Plaintiffs to join all necessary parties. Def.'s Mot. pg. 10. However, as stated above, the ADA imposes liability on any person who owns, leases, or

---

[2] Plaintiff's status as a tester supports her intention to return. As a tester, Plaintiff has a regular course of action wherein she visits premises, enjoys the goods and services at said premises while testing barriers to access, seeks to have the premises brought into compliance, and returns to the premises after compliance has been achieved to enjoy the barrier free premises and the goods and services offered at said premises. A reasonable inference that this Court should draw is that as a tester who is not seeking monetary relief in lawsuit (or any lawsuit filed by Plaintiff under the ADA), that Plaintiff has a definitive plan to return to the Premises upon said Premises being brought into compliance with the ADA as was alleged in the Complaint.

operates a place of public accommodation. 42 U.S.C.A. § 12182(a). If Defendant believes other parties are liable to Plaintiff, Defendant can implead other necessary parties via a third-party complaint.

**VI.**     **Attorneys' Fees are Unwarranted**

The Defendant fails to establish, as they must, that Plaintiff's action was frivolous, unreasonable, or without foundation. Fox v. Vice, 131 S. Ct. 2205, 2213 (2011)( holding that a prevailing defendant may qualify for fees only where there is a finding that plaintiff's action was "frivolous, unreasonable, or without foundation."); Hughes v. Rowe, 449 U.S. 5, 14-15 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).

Here, Defendant's request for fees is unavailing. Defendant claims that Plaintiff's claims were frivolous because "Plaintiff filed this boiler-plate "tester" lawsuit purely for improper financial advantage, without suffering any injury, or having any evidence of ADA violations as to the Defendant." Def.'s Mot. pg. 11. As adequately stated above, Plaintiff pled her prima facia case in her complaint alleging (1) she is an individual with a disability; (2) defendant owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against Plaintiff within the meaning of the ADA. There is no finding of frivolity, unreasonableness, or lack of foundation in Plaintiff's claims in light of the controlling legal authority cited above. If any fees should be imposed, they should be imposed on Defendant for Defendant's failure to familiarize itself with controlling law, for making disparaging comments against Plaintiff, and for compete lack of knowledge of the factual issues in the matter.

## Conclusion

Plaintiff has suffered actual injury and her Complaint alleges that she visited Defendant's place of public accommodation, experienced discrimination, and intends to avail herself of the goods and services offered by Defendant in the future. While Ms. Carton also acts as a tester for purposes of discovering discrimination, the Complaint adequately alleges circumstances granting her standing to maintain this action and this Court's ability to hear the case. Her status as a tester is secondary to the discrimination suffered at the hands of investors. Ultimately, a plaintiff's reasons for visiting a place of public accommodation are legally irrelevant. *Houston v. Marod Supermarkets, Inc.* 733 F.3d 1323, 1332 (11th Cir. 2013). This Court has jurisdiction to hear this matter, Plaintiff has standing to assert her rights against discrimination, and Defendant may not avoid the relief allowed under the law by claiming the dispute is rendered moot when it has not fully complied and could continue its pattern of discrimination at any time in the future.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and award Plaintiff reasonable costs, expenses and fees for responding to the Motion.

RESPECTFULLY SUBMITTED April 24, 2017.

LAW OFFICE OF SHARON POMERANZ

/s/Sharon E. Pomeranz
**Sharon E. Pomeranz**
Law Office of Sharon Pomeranz
143 Pine St.
Santa Fe, NM 87501
Telephone: (505) 207-0310
Email: sharon@newmexicoada.com
Attorney for Plaintiff