UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ALYSSA CARTON,

    Plaintiff,

v.                                                                  CIV 17-0037 KG/SCY

CARROLL VENTURES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO RECONSIDER AND
## DISMISSING THIS CASE WITH PREJUDICE

**THIS MATTER** comes before the Court on Plaintiff's "Appeal to Memorandum Opinion and Order Filed 10/26/17," Doc. 42, filed November 14, 2017 ("Motion to Reconsider").

Plaintiff filed 99 cases asserting that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and related regulations. Plaintiff proceeded *in forma pauperis* in all but two of the cases.[1] The statute governing proceedings *in forma pauperis* states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2).

The Court dismissed with prejudice Plaintiff's claims against Defendants as malicious pursuant to the statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(2).[2] *See*

---

[1] The Court denied Plaintiff's IFP motions in *Carton v. Carroll Ventures, Inc,*. 01cv37 KG/SCY, and in *Carton v. Aryavart, Inc.*, 17cv210 SCY/WPL (now closed).

[2] Dismissal of Plaintiff's claims includes her claims in this case, *Carton v. Carroll Ventures, In*c., 01cv37 KG/SCY, where the Court denied her motion to proceed *in forma pauperis. See Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a

Doc. 40, filed October 26, 2017 ("Dismissal Order"). The Dismissal Order noted that Plaintiff has filed 99 cases resulting in a total of $39,600.00 in Court fees, that the Court has received payments of $1,300.00, and ordered that "payment of the remaining filing fees shall be made within three weeks of entry of [the Dismissal Order]." *See* Doc. 40 at 6.

Plaintiff now asks the Court to reconsider the language in the Dismissal Order which orders payment of the remaining filing fees. Plaintiff states that her "ability to pay filing fees is through my agreement with LMFS [Litigation Management and Financial Services]." Motion to Reconsider at 1. Plaintiff sent a copy of the Dismissal Order to LMFS and reminded LMFS "of their responsibility to pay" the filing fees. Motion to Reconsider at 1. LMFS did not respond to Plaintiff. *See* Motion to Reconsider at 1. Plaintiff states that she does not "have the money to pay these fees," and "ask[s] the court to hold LMFS directly responsible for the court fees due now and any court costs which may arise in the future." Motion to Reconsider at 2.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The statute governing filing fees states: "The clerk of each district court shall require the *parties* instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350" and "such additional fees only as are prescribed by the Judicial Conference of the United States."[3] 28 U.S.C. § 1914(a) and (b) (*emphasis added*).

---

'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"). The Court also denied Ms. Carton's motion to proceed *in forma pauperis* in *Carton v. Aryavart, Inc.*, 17cv210 SCY/WPL, which is now closed.

[3] The fee for instituting any civil action, suit or proceeding in this Court is $400.00, which is comprised of the $350.00 filing fee, *see* 28 U.S.C. 1914(a), and a $50.00 administrative fee.

Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Plaintiff appears to allege that LMFS breached its contract with Plaintiff, a claim that is not before this Court, and asks the Court to "hold LMFS directly responsible for the court fees now due." Motion to Reconsider at 2. LMFS is not a party to the cases Plaintiff has filed. Plaintiff does not cite any legal authority to support her request. The absence of language in the Dismissal Order holding LMFS responsible for the remaining fees does not constitute manifest injustice. *See* Black's Law Dictionary (10th ed. 2014) ("manifest injustice" means a "direct, obvious, and observable error in a trial court"). The Court will, therefore, deny Plaintiff's Motion to Reconsider.

The Court previously dismissed with prejudice Plaintiff's claims in this case against Defendant with prejudice as malicious pursuant to the statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(2), and granted Defendant leave to file counterclaims and motions for attorney fees. *See* "Dismissal Order at 6. No counterclaims or motions for attorney fees have been filed in this case. The Court will, therefore, dismiss this case with prejudice.

**IT IS ORDERED** that:

(i) Plaintiff's "Appeal to Memorandum Opinion and Order Filed 10/26/17," Doc. 42, filed November 14, 2017, is **DENIED;** and

(ii) this case is **DISMISSED with prejudice.**

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**